K-Swiss Inc et al v. Nike Inc et al                                                                                                                                            Doc. 6

P SEND
ENTER JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-3637 PA (JTLx) | Date | June 13, 2007 |
|---|---|---|---|

| Title | K-Swiss, Inc., et al. v. Nike, Inc. |
|---|---|

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| C. Kevin Reddick | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

The Court is in receipt of the Notice of Removal filed by defendant Nike, Inc. ("Defendant") on June 5, 2007. Defendant asserts that federal jurisdiction exists on the basis of diversity of citizenship. See 28 U.S.C. 1332(a).

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). The party seeking to invoke removal jurisdiction bears the burden of proving that such jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).

Federal diversity jurisdiction requires that all parties to the action be citizens of different states. See 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.

In support of diversity jurisdiction, Defendant's Notice of Removal alleges:

> Plaintiff Anthony T. Macey ("Macey") is an individual who resides in Los Angeles County, California.

(Notice of Removal ¶ 6.) Because a party's residence and citizenship are not necessarily the same, Defendant's jurisdictional allegation is insufficient to invoke this Court's jurisdiction. See Hunt v. Lastowski, No. 03 C 2623, 2003 WL 1964257, at *1 (N.D. Ill. Apr. 24, 2003) ("Of course, allegations of residence are insufficient to establish jurisdiction. It is well-settled that 'when the parties allege residence but not citizenship, the court must dismiss the suit.'") (quoting Guar. Nat'l Title Co. v. J.E.G.

Dockets.Justia.com

P SEND
ENTER JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-3637 PA (JTLx) | Date | June 13, 2007 |
|---|---|---|---|
| Title | K-Swiss, Inc., et al. v. Nike, Inc. | | |

Assocs., 101 F.3d 57, 59 (7th Cir. 1996)); see also Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition alleging citizenship upon information and belief is insufficient.").

Because neither the "four corners" of the Complaint nor the Notice of Removal contain sufficient allegations concerning citizenship, Defendant has not met its burden to establish this Court's jurisdiction. Accordingly, the Court remands this action to the Los Angeles County Superior Court for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c). Defendant's Motion to Dismiss filed on June 12, 2007, is denied as moot.

IT IS SO ORDERED.

Initials of Preparer

cc: